**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELDORADO STONE, LLC; ELDORADO STONE OPERATIONS, LLC,<br>Plaintiffs,<br>vs.<br>RENAISSANCE STONE, INC; ALFONSO ALVAREZ; JOSE GALVEZ MARTINEZ; JOSEPH SMITH; ROB HABER; and ORCO CONSTRUCTION SUPPLY,<br>Defendants.<br>AND RELATED COUNTERCLAIMS | CASE NO. 04cv2562 JM(CAB)<br>ORDER GRANTING MOTION FOR CLARIFICATION; GRANTING LEAVE TO AMEND TO ALLEGE CIVIL EXTORTION CLAIM |

Defendants and Counterclaimants Renaissance Stone, Inc., ("Renaissance"), Joseph Smith, Rob Hagar, and Alfonso Alvarez (collectively "Counterclaimants") move ex parte for clarification of this court's August 14, 2006 Order Denying Leave to Amend to Assert Wage-Related Claims ("Order"). As the Order did not address the civil extortion claim, Counterclaimants seek a ruling on whether leave to amend to allege this claim has been granted. Plaintiffs Eldorado Stone, LLC and Eldorado Stone Operations, LLC (collectively "Eldorado") do not oppose the motion for clarification of the Order but argue that leave to amend should be denied. For the reasons set forth below, the court grants Counterclaimants ten days leave to amend from the date of entry of this order.

Counterclaimants' claim for civil extortion arises from allegations that Eldorado wrongfully threatened criminal prosecution of Alfonso Alvarez. (Proposed Third Amended Counterclaim ¶105).

Although not identified in the proposed counterclaim, Counterclaimants assert that during the course of settlement conversations Eldorado's president repeatedly threatened a principal of Renaissance that he would have Mr. Alvarez criminally prosecuted if the case did not settle. (Sopori Decl. ¶7). In support of this claim, Counterclaimants also submit a follow-up e-mail sent by the Renaissance principal that "Eldorado will not seek prosecution of Mr. Alvarez for any alleged theft of trade secrets" as part of the proposed settlement. (Sopori Decl., Exh. D). Counterclaimants conclude that such conduct constitutes civil extortion.

The threshold issue raised by Eldorado is whether the statement, made in the context of global settlement discussions, is protected by the litigation privilege of Civil Code §47(b). The litigation privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; 2) by litigants or other participants authorized by law; 3) to achieve the objects of the litigation; and 4) have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212 (1990). The purpose of the privilege is to protect free access to the courts without the "threat of, and harassment by, derivative litigation" and to "avoid an unending roundelay of litigation derived from prior litigation." Sacramental Brewing Co. v. Desmond, Miller & Desmond, 75 Cal.App.4th 1082, 1091 (1975). More importantly, "communications made in connection with litigation do not necessarily fall outside the privilege merely because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal assuming they are logically related to litigation." Blanchard v. DirecTV, Inc., 123 Cal.App.4th 903, 921 (2004), The privilege applies without regard to "motives, morals, ethics, or intent." Silberg, 50 Cal.3d at 220.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Here, the alleged statement facially appears to fall within the scope of Civil Code §47(b). However, the arguments raised by the parties present evidentiary issues which are inappropriately addressed on this pleading motion. In light of Fed.R.Civ.P 15's mandate that leave to amend is to be freely given, the court grants Counterclaimants leave to amend. The court notes that the arguments of Eldorado are more appropriately addressed on an evidentiary-based motion, and not at the pleading stage. Counterclaimants are granted ten days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: November 14, 2006

Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties