# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDORADO STONE, LLC; ELDORADO STONE OPERATIONS, LLC,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>RENAISSANCE STONE, INC; ALFONSO ALVAREZ; JOSE GALVEZ MARTINEZ; JOSEPH SMITH; ROB HABER; ORCO CONSTRUCTION SUPPLY<br><br>                                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 04cv2562 JM(CAB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

   Defendants and Counterclaimants Renaissance Stone, Inc., Alfonso Alvarez, Joseph Smith, and Rob Hager move for partial summary judgment on Plaintiffs' Fourth and Sixth through Eleventh causes of action. Plaintiffs Eldorado Stone, LLC. and Eldorado Stone Operations, LLC. (collectively "Eldorado") separately move for preliminary injunction to enjoin Defendant Renaissance Stone from selling certain products. All motions are opposed. Pursuant to Local Rule 7.1(d)(1), these matters are appropriate for decision without oral argument. For the reasons set forth below, all motions are denied.

## BACKGROUND

   Eldorado is a specialty building materials siding company and a leading manufacturer of architectural stone veneer, also known as manufactured stone, for residential and commercial use.

1  Eldorado uses proprietary technologies in manufacturing "customized stone profiles designed to look like natural stone." (Third Amended Complaint "TAC" ¶14). Plaintiff Eldorado Stone Operations, LLC is a wholly owned subsidiary of Eldorado Stone, LLC and holds all rights to the trademarks, trade dress rights and copyrights of Eldorado. (TAC ¶15).

Defendant Alfonso Alvarez ("Alvarez") was hired by StoneCraft Industries, Eldorado's predecessor in interest, as a process engineer on January 14, 2002. Alvarez was responsible for documenting the precise formulas and methodologies used to manufacture Eldorado's stone veneer products. Alvarez was also responsible for establishing procedures and mechanisms to keep Eldorado's trade secret information secure. (TAC ¶21). Alvarez left Eldorado's employ in or around July 2004.

Eldorado generally alleges that Alvarez, while still an employee of Eldorado, established a business entity to compete with Eldorado and misappropriated its trade secrets and intellectual property. In broad brush, Eldorado alleges that all Defendants knowingly conspired to misappropriate and did misappropriate Eldorado's trade secrets consisting of its proprietary formulas and manufacturing technologies for their own use. Eldorado also alleges that Defendants disclosed those trade secrets to third parties and violated its trademarks and copyrights. Based upon this generally described conduct, Eldorado alleges 13 claims for (1) federal trademark infringement; (2) federal common law trademark infringement; (3) false designation of origin/federal unfair competition; (4) federal trademark dilution; (5) federal trade dress infringement; (6) misappropriation of trade secrets; (7) copyright infringement; (8) intentional interference with economic relationships; (9) negligent interference with economic relationships; (10) unfair competition; (11) conversion; (12) constructive trust; and (13) civil conspiracy.

On December 2, 2005, Counterclaimants filed a counterclaim against Eldorado alleging six claims for (1) declaration of trademark invalidity as to Eldorado's FIELDLEGE, CLIFFSTONE, RUSTIC LEDGE, CREEK COBBLE, and HILLSTONE marks; (2) declaration of non-infringement and invalidity of Eldorado's trade dress claim; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; and (5) libel. The libel and interference with prospective economic advantage claims arise from allegations that certain

representatives and employees of Eldorado allegedly made false statements about Counterclaimants to actual and potential customers as well as to prospective employees. (SACC ¶21). Eldorado employee Silvia Acuna allegedly told a prospective employee that "Alvarez was a thief who was being investigated by the police and that the police would soon show up at Renaissance and 'pick everyone up.'" (SACC ¶35). One prospective Renaissance employee, Luis Miguel Robles, declined employment with Renaissance because "he was 'afraid to go to jail' and does not want to be 'part of a company like that (meaning a company that misappropriates trade secret information from another company)." (SACC ¶36). Counterclaimants also allege that additional Eldorado employees, including Don Tracewell, falsely stated to several individuals, including Jose Martinez, that Alvarez was a "thief." (SACC ¶52).

The parties have jointly moved the court to voluntarily dismiss without prejudice Plaintiffs' trade dress cause of action and Defendants' counterclaims for intentional and negligent interference with prospective economic advantage.

**Motion for Partial Summary Judgment**

<u>The Misappropriation Claim (Sixth Claim)</u>

In essence, Defendants come forward with evidence indicating that Plaintiffs did not take adequate and reasonable steps to ensure the confidentiality of its trade secrets. Plaintiffs have come forward with evidence giving rise to inferences that they took reasonable steps to ensure the confidentiality of its trade secrets.

Consequently, the court concludes that genuine issues of material fact preclude entry of summary judgment on this claim.

<u>The Dilution and Copyright Claims (Fourth and Seventh Claims</u>

On the dilution and Trademark claims, the court concludes that genuine issues of material fact exist as to whether Eldorado's trademarks are famous and have acquired distinctiveness in its niche market and also as to whether there has been actual dilution of the mark. These disputed facts preclude entry of summary judgment on this claim.

On the copyright claim there is no dispute that Renaissance copied verbatim certain of Plaintiffs' copyrighted works. Defendants argue that the copied portions of the work were in an

intermediate form and only available to the public for a few hours. Eldorado comes forward with evidence to show that verbatim copying of its product brochures and installation guides have also infringed its copyrights. The Court concludes that genuine issues of material fact preclude summary judgement on the copyright claim.

<u>The Negligent and Intentional Interference, Unfair Competition and Conversion State Law Claims (Eight, Ninth, Tenth, and Eleventh Claims)</u>

Defendants argue that the negligent and intentional interference with prospective economic relationships, unfair competition, and conversion state law claims are preempted in whole or in part by the California Uniform Trade Secrets Act ("CUTSA") or the federal Copyright Act. In general, Defendants argue that these claims are preempted because the claims are based "on the very same nucleus of facts as their claim of trade secret misappropriation." (Motion at p.23:5-6). Plaintiffs come forward with evidence to show that Defendants' entire course of conduct demonstrates that the state law rights asserted are qualitatively different from those protected by the CUTSA or Copyright Act. Accordingly, the court concludes that genuine issues of material fact preclude entry of summary judgment in favor of Defendants.

In sum, whether the evidence qualitatively supports the state law claims must await the presentation of the complete evidentiary record at the time of trial.

**The Motion for Preliminary Injunction**

Eldorado moves for an injunction (1) enjoining Renaissance from selling ten of its products; (2) enjoining Renaissance from using 50 of its initial face color formulas; and (3) requiring audit rights to ensure Renaissance's compliance with the injunction. The court notes that, on May 31, 2005, the court preliminarily found that Alvarez misappropriated Eldorado's trade secrets and enjoined Renaissance from using any of Eldorado's trade secrets. Eldorado comes forward with evidence to show that Alvarez misappropriated its trade secrets and that Renaissance is using that trade secret information to produce its manufactured stones. Eldorado further supports its motion with expert testimony indicating the similarity, or identical quality, of the mix designs.

Renaissance comes forward with evidence to create genuine issues of material fact. Renaissance presents evidence that the color pigments were developed by an independent supplier,

1  AMW, based upon the work product of Alvarez while he was employed by AMW. Renaissance also
2  presents evidence that its base mix is different than Eldorado's base mix. Further, Renaissance
3  presents some evidence to challenge whether Eldorado took reasonable steps under the circumstances
4  to maintain the confidentiality of its mix designs. The court notes that the credibility and weight of
5  the evidence, seen in light of the totality of the circumstances, is better left to the trier of fact,
6  especially in light of the extended period of time this action has been pending and the proximity of
7  the trial date in this matter.

8  In sum, the court denies Defendants' motion for summary judgment and denies Plaintiffs'
9  motion for preliminary injunction.

10 **IT IS SO ORDERED.**

11 DATED: January 23, 2007

12 _____
   Hon. Jeffrey T. Miller
13 United States District Judge

14 cc: All Parties