# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDORADO STONE, LLC; ELDORADO STONE OPERATIONS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>RENAISSANCE STONE, INC; ALFONSO ALVAREZ; JOSE GALVEZ MARTINEZ; JOSEPH SMITH; ROB HAGER; and ORCO CONSTRUCTION SUPPLY,<br><br>    Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | CASE NO. 04cv2562 JM(CAB)<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES (Docket Nos. 473, 477) |

Michael Berguin, Scott Butler and FCI/Mission Oaks Funding ("Proposed Judgment Debtors") move for an award of attorney's fees and costs against Plaintiffs Eldorado Stone, LLC and Eldorado Stone Operations, LLC (collectively "Eldorado"). Eldorado opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court denies the motions for attorney's fees.

## BACKGROUND

Proposed Judgment Debtors move for an award of attorney's fees and costs for having to oppose Eldorado's motion to amend the judgment to add Judgment Debtors as Defendants. Briefly, on March 29, 2007 a jury returned a unanimous verdict in favor of Eldorado and against Defendants. Following a remittitur, on January 22, 2008 final amended judgment was entered in favor of Eldorado

1  in the approximate amount of $10,948,755.58, including attorneys' fees and costs.  In May 2007 RSI ceased doing business and Eldorado commenced collection efforts against RSI.  By the time RSI ceased doing business, it had depleted its bank accounts and whatever assets the company had were turned over to a secured creditor.  (Bjurstrom Decl. ¶4).  To locate assets, Eldorado conducted a debtor's examination of Michael Berguin and Scott Butler, board members of RSI.

On February 5, 2009 the court denied Eldorado's motion for leave to amend the judgment to pierce the corporate veil and hold shareholders Berguin, Butler, and FCI/Mission Oaks Funding vicariously liable for Defendants' judgment. The court concluded that Eldorado had failed to establish that amendment of the judgment was appropriate under California Code of Civil Procedure §187. Proposed Judgment Debtors now move for an award of attorney's fees and costs.  Mr Berguin seeks an award of attorney's fees and costs in the amount of $151,872.89 and Mr. Butler and FCI/Rocks in the amount of $156,987.00.

**DISCUSSION**

Under the American Rule, Proposed Judgment Debtors "are not entitled to attorneys' fees absent statutory authorization, an enforceable contractual provision, or an equitable exception to the rule."  <u>Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.</u>, 495 F.3d 1078, 1079 (9th Cir. 2007) (quoting <u>F.D. Rich Co. v. Indus. Lumber Co.</u>, 417 U.S. 116, 126 (1974)); <u>Musaelian v. Adams</u>, 45 Cal.4th 512, 562 (2009).  As there is no contractual provision at issue, Proposed Judgment Debtors seek an attorney's fees award pursuant to (1) statutory authorization and (2) equitable considerations. Each argument is discussed in turn.

<u>Statutory Authorization</u>

Proposed Judgment Debtors seek an award of attorneys' fees and costs as prevailing parties under the Lanham Act, 15 U.S.C. §1117(a) (providing that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" on a trademark infringement claim), the Copyright Act, 17 U.S.C. §505 (allowing the prevailing party on a copyright infringement claim to receive attorneys fees as part of costs), and the California Uniform Trade Secrets Act, Cal. Civ. Code §3426.4 (allowing an award of attorneys' fees and costs where claim of misappropriation is made in bad faith).  One critical determination under any of the identified statutory schemes is whether

1 | Proposed Judgment Debtors are prevailing parties.

2 |     The Supreme Court has held that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). A prevailing party is one who has obtained some relief by the court. Buckhannon Bd. & Care Home, Inc. v. W. VA. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001); P.N. v. Seattle School District, No. 1, 458 983 (9th Cir. 2006) (in order to be considered a prevailing party, the party must obtain a material alteration of the parties' legal relationship and such alteration must be judicially sanctioned). Here, applying the standard for "prevailing party," as articulated in Buckhannon and P.N., for purposes of the denial of the motion to amend the judgment, neither party is properly characterized as a prevailing party under the Copyright Act, the Lanham Act, or the Uniform Trade Secrets Act.

    As a starting point, the court notes the unusual procedural posture of the present dispute. This is not a prototypical action between an aggrieved party and an alleged wrongdoer. Rather, Eldorado's motion to amend the judgment pursuant to Cal.Civ.Pro. §187 was one seeking to impose vicarious liability on the Proposed Judgment Debtors under an alter ego legal theory. The statutes authorizing an award of attorney's fees simply never came into play. Proposed Judgment Debtors did not obtain any relief from this court on the statutory claims. Proposed Judgment Creditors argue that they "are entitled to recovery attorneys' fees under the Copyright Act, for opposing Eldorado's motion and allegations of copyright infringements." (Butler Motion at p.5:6-7). This argument is not persuasive.

    Here, Proposed Judgment Debtors did not prevail on any statutory claim. Rather, Proposed Judgment Debtors prevailed by operation of Cal.Civ.Pro. §187. In its order denying the motion to amend the judgment, the court never reached the merits of any statutory claim. Proposed Judgment Debtors simply cannot identify any judicially sanctioned material alteration in the parties' legal relationship pursuant to the statutory claims. Consequently, the court concludes that Proposed Judgment Debtors are not prevailing parties within the meaning of the Copyright Act, Lanham Act, or the Trade Secrets Act.

    Even if the court were to address attorney's fees under the Copyright Act, as argued by

Proposed Judgment Debtors, the issue to be determined in awarding attorney's fees to a prevailing defendant under the Copyright Act "is whether a successful defense of the action furthered the purposes of the Act, not whether a fee award would do so." <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F.3d 792, 816 (9th Cir.2003).  Here, Proposed Judgment Debtors never mounted a defense to the statutory claims and, moreover, would likely have been precluded from doing so as the statutory claims have already been litigated and resolved.  On the present motion, Proposed Judgment Debtors fail to identify how their successful opposition to Eldorado's motion to amend the judgment furthered any purpose of the Copyright Act.

In sum, the motion to award attorney's fees pursuant to the Copyright Act, Lanham Act, or Uniform Trade Secret Act is denied on the ground that Proposed Judgment Debtors are not prevailing parties within the meaning of the statutes authorizing awards of attorney's fees.[1]

<u>Equitable Considerations</u>

It is well-established that the district court may "award attorneys' fees to a prevailing defendant upon a finding that the Plaintiff's action was frivolous, unreasonable or without foundation, even though the action was not brought in subjective bad faith." <u>Christianburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412, 421-422 (1978); <u>Musaelian</u>, 45 Cal.4th 512.  Here, the court concludes that Eldorado's motion to amend the judgment was neither frivolous nor brought in bad motion.

To prevail on its alter ego claim, Eldorado had the burden to demonstrate that (1)  there was "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist' and (2) there would be 'an inequitable result if the acts in question are treated as those of the corporation alone.'" <u>VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.</u> 99 Cal.App.4th  228, 244 (2002) (citations omitted).

In support of its alter ego claim Eldorado came forward with evidence to show that Renaissance Stone did not comply with all corporate formalities, Proposed Judgment Debtors were active directors of Renaissance Stone and provided substantial funding and support for the company

---

[1] Even if the court had discretion to award attorney's fees, the totality of the circumstances disfavor a statutory award of attorney's fees and expert witness costs.

1 to continue operations, and Proposed Judgment Debtors closely monitored and participated in the
2 underlying litigation. The court also notes that Eldorado's evidence of undercapitalization and factors
3 supporting a finding of injustice were thin. While the factual assertions supporting of Eldorado's
4 claim of alter ego are weak and barely fairly debatable, the totality of the circumstances as reflected
5 in the record do not support a finding that the motion to amend the judgment was brought in bad faith
6 or was otherwise frivolous. Consequently, an award of attorney's fees based upon frivolousness or
7 bad faith is not warranted under the circumstances.

8 In sum, the American Rule on attorney's fees applies and the court denies the motion for an
9 award of attorney's fees and costs.

10 **IT IS SO ORDERED.**

11 DATED: May 5, 2009

12 _____
Hon. Jeffrey T. Miller
13 United States District Judge

14 cc:          All parties